# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### COLUMBIA DIVISION

| | |
|---|---|
| Margarita Gonzales, as Mother and Natural Guardian of E.G., a minor ) ) ) | Civil Action No.: 3:23-cv-02416-CMC |
| Plaintiffs, ) ) | |
| vs. ) ) ) | **AMENDED COMPLAINT** **(JURY TRIAL DEMANDED)** |
| Brookfield Properties Retail, Inc. and Andy Frain Services, Inc., ) ) ) ) | |
| Defendants. ) ) | |

The Plaintiffs above named, by and through their undersigned counsel, hereby make the following claims and allegations:

## PARTIES AND JURISDICTION

1. The Plaintiff is the legal guardian of a minor plaintiff and is a citizen and resident of the State of South Carolina.

2. Brookfield Properties Retail, Inc. (hereinafter "BPR") is a Delaware corporation that upon information and belief is a global real estate services company that, as part of its business, owns and operates retail shopping malls across the world, including the Columbiana Centre. BPR makes operational decisions at Columbiana Centre, including, but not limited to, decisions regarding security services and mechanisms. As owners of Columbiana Centre, the Defendants invites large numbers of people into its facility. As such, they have a responsibility to be aware of past criminal activity near and on their premises and the need to deter criminal activity that would affect their patrons and invitees.

1

3. BPR had a non-delegable duty to maintain Columbiana Centre in a safe, secure, and reasonable manner, which they failed to do. This failure resulted in severe damages to the Plaintiffs.

4. Upon information and belief, Andy Frain Services, Inc. (hereinafter "AFS") is a corporation existing pursuant to the laws of the State of Illinois and operating within the State of South Carolina. Upon information and belief, AFS provided security services at the Columbiana Centre Mall at all relevant times contained hereto. As such, they have a responsibility to be aware of past criminal activity near and on the premises and the need to deter criminal activity that would affect the patrons and invitees.

5. Upon information and belief, Defendant BPR had agents, representatives, and employees, whose acts and omissions complained of in this Complaint, were performed during the course and scope of such employment and/or agency. Their actions and inactions are imputed to BPR under the doctrine of respondeat superior.

6. At all times relevant, upon information and belief, Defendant BPR contracted with Defendant AFS to provide security services to BPR and its customers at Columbiana Centre located at 100 Columbiana Circle in Richland and Lexington Counties, State of South Carolina. This contract and agreement created an agency relationship between BPR and AFS, and all actions and inactions of AFS and its agents and/or employees are imputed to BPR through agency and/or apparent authority.

7. The negligent acts, omissions and liability of the Defendants also refer to and include each Defendants' agents, principals, employees and/or servants, both directly and vicariously, pursuant to principles of corporate liability, apparent authority, agency, ostensible agency and/or respondeat superior.

8. That all of the above-named Defendants are jointly and severally liable as to all damages alleged herein since their negligent, reckless, and wanton acts and omissions, singularly or in combination, were a direct and proximate cause of the Plaintiffs' damages and injuries.

## FACTUAL BACKGROUND

9. BPR has at all times relevant hereto owned and operated Columbiana Centre Mall located at 100 Columbiana Circle, Columbia, South Carolina 29212, which is a retail shopping mall offering a variety of retail stores, restaurants, and other services to the public.

10. BPR regularly advertises and solicits the general public to come and enjoy a shopping and/or dining experience at the Columbiana Centre mall which provides a wide array of shopping and dining options. BPR affirmatively promotes its facility as a safe and secure environment.

11. To provide security at the Columbiana Centre mall, BPR retained the services of AFS as its security company on or about the premises of the Columbian Centre mall. AFS promotes and advertises its services to provide a safe and secure environment for the patrons of the Columbiana Centre mall.

12. Upon information and belief, Defendants have taken heightened securities measures at other similar facilities including increased signage, gun sniffing dogs, and other processes to control crime that they did not utilize at Columbiana Centre.

13. Upon information and belief, Defendants refused to take appropriate measures to provide for the safety of its patrons, when they knew or should have known, that a dangerous environment existed.

14. Upon information and belief, the City of Columbia Police Department has over **One Hundred** (100) incident reports on file regarding assaults, robberies, and other violent crimes occurring on or around the premises of the Columbiana Centre that occurred within the last five calendar years.

15. On the afternoon of April 16th, 2022, the Plaintiffs went shopping at the Columbiana Centre mall. Columbiana Centre, upon information and belief, hosted an Easter celebration which included the presence of an Easter Bunny, thereby creating a scenario involving a large number of patrons being present at the mall on the listed date. The event was promoted as a safe and family friendly event.

16. As the Plaintiffs were shopping within the Columbiana Centre mall on the above-listed date and time, they heard numerous gunshots coming from numerous directions. The resulting chaos caused by the shooting created even more fear and trauma for the Plaintiff. Plaintiffs have suffered severe and life altering injuries. Some of which resulted in lengthy counseling, therapy, and life altering damages to the body and mental wellbeing of the child, E.G.

17. On April 16th, 2022, Plaintiffs were business invitees upon the premises and were owed a duty of care to keep the premises safe and secure.

### FOR A FIRST CAUSE OF ACTION
**(Negligence, Gross Negligence, Recklessness as to Both Defendants)**

18. Plaintiff re-alleges and reiterates paragraphs 1 through 15 as if fully set forth herein verbatim.

19. On April 16, 2022, and prior to that date, BPR contracted AFS to provide security services for the common areas of the Columbiana Centre mall through AFS employees, agents and/or officers.

20. The security role and function undertaken by AFS included responsibility for protecting the mall's business invitees, such as the Plaintiffs, from assaults by third persons and the resulting chaos from such an assault.

21. Specifically, the criminal activity referred to was foreseeable to both Defendants since the prevention of such activity through the establishment of a security program was a fundamental part of its responsibility at the mall, and because both Defendants had actual and constructive notice of a history of criminal activity occurring on or about the premises of the Columbiana Centre mall and in the near vicinity.  Furthermore, Defendants were or should have been aware of prior assaults and other crimes that occurred on the premises, some of which resulted in injuries to patrons due to the lack of proper security and safety being provided.

22. Defendants were also on notice of security issues about the premises of the mall prior to the above-mentioned shooting due to local law enforcement advising the mall to increase security presence on the premises due to the history of criminal activity at the Columbiana Centre.

23. Defendants had a duty to exercise reasonable care necessary to protect the tenants and their business invitees at the Columbiana Centre mall.

24. Defendants breached their duty to the Plaintiffs by recklessly and/or negligently failing to provide adequate security services to protect Columbiana Centre mall's invitees from

the dangers created by criminal activity such as the shooting occurring on April 16, 2022, and by failing to have an appropriate response in place to deal with such issues.

25. The Defendants breached their duty to the Plaintiffs by recklessly and/or negligently failing to:

   a. Discharge their duty to provide security, commensurate with the facts and circumstances known to them that were, or should have been, apparent to reasonably prudent persons, including the failure to provide adequate security personnel and to take security measures to protect its tenants and business invitees from the reasonably foreseeable danger of criminal assault and related activities;

   b. Maintain its premises in a safe and secure condition based on the facilities promotion as a safe and secure destination for the public;

   c. Use ordinary and reasonable care for the safety of its business invitees, including the Plaintiffs;

   d. Guard against subjecting mall invitees, including the Plaintiffs, to danger, or to an unreasonable risk of harm, which they knew or should have known about (or which they should have reasonably foreseen or anticipated);

   e. Properly train their employees, agents and servants regarding proper security procedures and responses;

   f. Provide proper security screening measures at public entrances to ensure the mall was a firearm free area for their patrons; and

   g. Such other actions and omissions as discovery and further investigation may reveal.

26. As a direct and proximate result of the Defendants' failure to provide reasonable security measures, Plaintiffs suffered injuries, severe emotional injuries, physical pain and suffering and other damages.

27. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness, and departure from professional standards of care by the Defendants, Plaintiffs have suffered damages described herein, for which the Plaintiff is entitled to recover actual and punitive damages.

WHEREFORE, Plaintiffs request that this Court enter a judgment against the Defendants in an amount of $75,100.00, which will be sufficient to compensate the Plaintiffs for the injuries and trauma suffered and continuing to be suffered as alleged herein, as well as punitive damages in amounts sufficient to impress upon the Defendants the seriousness of the conduct involved and to deter such similar conduct in the future, together with the costs of this action and such other further relief that this Court deems just and proper.

Respectfully submitted,

SAVAGE, ROYALL & SHEHEEN, L.L.P.

By: s/Vincent A. Sheheen
Vincent A. Sheheen FED ID #7106
vsheheen@thesavagefirm.com
Greg B. Collins FED ID #10350
gcollins@thesavagefirm.com
Attorneys for the Plaintiff
P.O. Drawer 10
Camden, S.C. 29020
(803) 432-4391

June 14, 2023